IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-194-BO-RN

| | | |
|---|---|---|
| ANDREW R. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THEODORE MERMIGOS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On March 27, 2026, plaintiff, who proceeds *pro se*, initiated this action by filing a complaint, a motion for leave to proceed *in forma pauperis*, and an emergency motion for temporary restraining order and preliminary injunction. [DE 1]; [DE 2]; [DE 3]; *see also* Fed. R. Civ. P. 65. Plaintiff seeks in part entry of a temporary restraining order immediately staying all child support enforcement activity.

While temporary restraining orders are at times necessary, "[t]he stringent restrictions imposed by . . . Rule 65 [] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the procedural requirements of Rule 65(b) are strictly construed. *See Tchienkou v. Net Tr. Mortg.*, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010).

Plaintiff has failed to demonstrate why emergency *ex parte* relief is warranted in this instance. *See* Fed. R. Civ. P. 65(b)(1)(B). His request for entry of a temporary restraining order is therefore DENIED.

SO ORDERED, this __3__ day of April 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2