IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:26-CV-194-BO-RN

| | | |
|---|---|---|
| ANDREW R. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>THEODORE MERMIGOS, ET AL.,<br><br>Defendants. | ) | ORDER |

This matter comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Robert T. Numbers, II. [DE 9]. The plaintiff in this action has filed objections to the M&R. [DE 10]. In this posture, the matter is ripe for disposition. For the following reasons, the Court adopts the M&R in full.

## BACKGROUND

Andrew Smith (hereinafter "the plaintiff"), appearing pro se, brought this action under 42 U.S.C. § 1983, asserting that Theodore Mermigos and others (hereinafter "the defendants") violated his Fourth and Fourteenth Amendment rights through child support enforcement activity arising from a previous court proceeding in Delaware state court. The plaintiff contends that the court in Delaware lacked personal jurisdiction, he was not properly served, and that enforcement continued despite his objections. The plaintiff seeks relief, compensatory damages, punitive damages, and additional costs that he incurred during the course of that litigation.

Magistrate Judge Numbers granted plaintiff's motion to proceed in forma pauperis. He also recommended the complaint be dismissed because the Court does not have subject-matter

jurisdiction under the *Rooker-Feldman* doctrine, the venue is improper, and the plaintiff failed to state a claim.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); see 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Any party's objections made must have "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). If no specific objection is filed, then the Court reviews for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

The plaintiff objects to Magistrate Judge Numbers' conclusions in the M&R regarding the *Rooker-Feldman* doctrine, venue, sovereign immunity, and failure to state a claim. This Court considers each objection de novo. The plaintiff argues that his complaint alleges ongoing, independent constitutional violations, and does not request an erroneous appeal from a state-court judgment. The *Rooker-Feldman* doctrine, however, bars this Court from exercising jurisdiction if the non-prevailing side in a state-court case seeks redress for injuries caused by that state-court judgment. *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). The plaintiff's allegations, liberally construed, challenge the validity of the Delaware order, and plaintiff seeks to halt its enforcement. That falls squarely within the doctrine's purview.

The plaintiff also asserts that venue is appropriate since he resides in North Carolina and experienced the financial injury in this jurisdiction. [DE 10]. Venue lies where "a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). The underlying proceeding, the challenged service, and the state court's judgment all occurred in Delaware, not North Carolina. While the plaintiff's wages and bank accounts were in North Carolina, this alone does not make this district the proper venue. *See e.g., Mosier v. Farren*, 731 F. App'x. 808, 811 (10th Cir. 2018).

The plaintiff's sovereign immunity objection merely restates the M&R's conclusion that prospective injunctive relief may fall outside the Eleventh Amendment immunity afforded to defendants. Nevertheless, plaintiff's Fourth Amendment claim fails because he has not alleged an unreasonable search or seizure, and his due process claim fails because he received notice and had an opportunity to be heard. The Court has reviewed the remainder of the M&R for clear error and finds none.

Accordingly, plaintiff's motion for a preliminary injunction [DE 8] is denied as moot.

## CONCLUSION

For the foregoing reasons, the M&R [DE 10] is ADOPTED IN FULL. Plaintiff's motion for a preliminary injunction [DE 8] is DENIED as MOOT. The complaint is DISMISSED. The Clerk is directed to enter judgment in favor of defendants and close the case.

SO ORDERED, this 9 day of August 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE